IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| MARTIN DIAZ, | : | |
| | : | |
| Plaintiff, | : | Case No. 22-cv-7465 (RBK/SAK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MAYOR VICTOR CARSTAPHEN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

Before the Court are two Motions to Dismiss Plaintiff's Complaint, the first filed by Defendant Victor Carstarphen on February 17, 2023 (ECF No. 18), the second filed by Defendants Louis Capelli, Jr., Gabriel Rodriguez, Jason Pike, Brandon Kersey, and Melva Moss (the "county Defendants") on March 4, 2023 (ECF No. 26). For the reasons expressed below, Defendant Carstarphen's motion is **GRANTED**. The county Defendants' motion is **DENIED**.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Complaint is "replete with legal-sounding but meaningless verbiage . . . commonly used by adherents to the so-called sovereign-citizen movement." *Mos-Bey v. Corporate State of New Jersey*, 2022 WL 3927892, at *3 (D.N.J. Aug. 31, 2022). Because Plaintiff proceeds pro se, we construe his pleadings "liberally" and we "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). Based on our reading of the Complaint, we construe Plaintiff's allegations as follows. On September 6, 2021, around 4:30 PM, Plaintiff's car was parked on Chelton Avenue in Camden, New Jersey. (ECF No. 1 ("Compl.") ¶¶

1, 11). An unidentified police officer, referred to as John Henry Doe, searched Plaintiff's car "over the objections" of one of Plaintiff's children, who was apparently present at the scene. (*Id.* ¶ 3). Plaintiff alleges that Doe "waited until Plaintiff left . . . to act in an injurious manner and unlawful action, seizing and impounding the private property without any probable cause or . . . explanation of his action." (*Id.* ¶¶ 1–2). Plaintiff alleges Doe conducted an illegal search and seized the car without a warrant. (*Id.* ¶ 3). Doe did not provide documentation authorizing the alleged search and seizure. (*Id.* ¶¶ 3–4). A week later, when Plaintiff spoke with Defendant Moss and requested a copy of the report for the incident, Plaintiff was denied the report. (*Id.* ¶ 5). Plaintiff alleges the Defendants brought the Plaintiff's car to the Camden County Impound lot and put it "on a 'hold' order until they see fit," which we read as alleging that Defendants ordered the impound lot to hold the car indefinitely. (*Id.* ¶ 6). Plaintiff alleges the loss of his car caused him to suffer mental anguish, as well as lost wages and a forfeited contract that caused him a loss of $250,000.00. (*Id.* 12).

On December 22, 2022, Plaintiff filed the Complaint in this action. The Complaint purports to assert five causes of action, but the legal bases for the causes of action are not clearly described. However, in construing a pro se complaint, we look to the substance of the Plaintiff's allegations and we "apply the relevant legal principle even when the complaint has failed to name it." *Vogt*, 8 F.4th at 185. We interpret the Complaint as asserting two actionable claims. First, the Complaint alleges facts that could support a claim pursuant to 42 U.S.C. § 1983 based on unlawful search and seizure under the Fourth Amendment of the United States Constitution. Second, the Complaint alleges facts that could support a claim under the New Jersey Civil Rights Act (NJCRA), based on unlawful search and seizure under Article I of the New Jersey Constitution. *See* N.J. Stat. § 10:6-2; N.J. Const. art. I, para. 7. The Complaint does not specifically cite the NJCRA, but the statute creates a private right of action for "[a]ny person who has been deprived of any substantive due

process or equal protection rights, privileges or immunities secured by the Constitution or laws of this State[.]" N.J. Stat. § 10:6-2(c); *see also Coles v. Carlini*, 162 F.Supp. 3d 380, 404 (D.N.J. 2015) ("Similar to the § 1983 statute, the NJCRA allows a party who has been deprived of any rights under either the Federal or State Constitutions by a person acting under color of law to bring a civil action for damages and injunctive relief."). It therefore provides a proper vehicle for Plaintiff's state constitution claim.

Defendant Carstarphen filed his Motion to Dismiss on February 17, 2023. Carstarphen, who currently sits in the mayoral office in the City of Camden, urges us to dismiss the claims against him because the allegations in the Complaint relate solely to conduct by the Camden County Police Department (CCPD), over which the mayoral office holds no authority. The county Defendants filed their Motion to Dismiss on March 4, 2023. These Defendants incorporate by reference the arguments set forth in the Carstarphen Motion, and further ask us to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). When evaluating whether the Rule 8 pleading requirement is met, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to

"state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As the moving party, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

**III.   DISCUSSION**

We begin by "tak[ing] note of the elements a plaintiff must plead to state a claim." *Santiago*, 629 F.3d at 130. Section 1983 "provides a remedy for the violation of federal rights created by federal law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). To state a claim under Section 1983, a plaintiff must allege (1) the deprivation of a federal right and (2) state action. *Id.* Here, Plaintiff alleges violations of the Fourth Amendment's protection against search and seizure. In addition to the Section 1983 claim, Plaintiff alleges a violation of his state constitutional right to be free from unreasonable search and seizure. The Fourth Amendment of the United States

Constitution and Article I of the New Jersey Constitution both protect "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; N.J. Const. art. I, para. 7. "Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy—including (where appropriate) damages for physical injury, property damage, [and] injury to reputation[.]." *Hector v. Watt*, 235 F.3d 154, 157 (3d Cir. 2000).

The Defendants do not assert that the Complaint fails to adequately plead facts showing that the impounding of Plaintiff's car was an unreasonable seizure in violation of the United States and New Jersey Constitutions. Instead, Defendants argue they cannot be held liable for the allegedly unlawful seizure. The Defendants' briefs in support of their motions are, to be polite, lackluster.[1] Both sets of Defendants, despite being represented by counsel, failed to direct the court to the documents and legal standards needed to make our decision. We emphasize that on a motion to dismiss, the defendant carries the burden of showing the complaint fails to state a claim. *Hedges*, 404 F.3d at 750. Defendants have generally failed to meet that burden. We decide the motions based on the meager arguments presented by the Defendants.

### A.     Carstarphen Motion to Dismiss

In support of his motion to dismiss, Defendant Carstarphen asks us to take judicial notice of the fact that the CCPD is a law enforcement agency run by Camden County and staffed with Camden County employees. (ECF No. 18 at 4). As such, Carstarphen, as mayor of the City of Camden, "exerts no control, supervision or operation of the CCPD." (*Id.*). Under Federal Rule of Evidence 201, a court is permitted to take judicial notice of "adjudicative fact" at any stage of a

---

[1] We note that, in addition to the lack of substance in the briefs, neither set of Defendants satisfied Local Rule 7.2, which requires all briefs to contain a table of contents and a table of authorities. Furthermore, the county Defendants' Motion to Dismiss was submitted late. (See ECF No. 26 at 2 n.1). We accept their argument that their failure to timely submit the motion will not cause prejudice, in part because we will deny the motion on the merits.

proceeding. Fed. R. Evid. 201(a), (d). A court may do so on its own or at the request of a litigant. Fed. R. Evid. 201(c). An "adjudicative fact" is "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Such facts include "matters of public record, indisputably authentic documents, and court orders." *See Overseas Lease Grp., Inc. v. Plocher Constr. Co., Inc.*, 800 Fed. Appx. 79, 81 n.7 (3d Cir. 2020).

The State of New Jersey authorized county-level governing bodies to establish police forces in New Jersey Statute 40A:14-118. In accordance with that statute, the City of Camden and the County of Camden entered into a Police Service Agreement, under which the City of Camden Police Department was disbanded and replaced by the CCPD. City of Camden, NJ Code § 110-1(b); *see also Carmichael v. Thomason*, 2018 WL 4629516, at *7 (D.N.J. Sept. 27, 2018) ("On August 25, 2011, the City of Camden, the County of Camden, and the State of New Jersey entered into a Memorandum of Understanding, whereby the County of Camden agreed to create a Camden County Police Department that would offer police services to municipalities within Camden County, including the City of Camden. . . . The Camden County Board of Chosen Freeholders subsequently authorized the creation of the County Police Department pursuant to N.J.S.A. 40A:14-106. . . . The Camden County Police Department assumed all police functions in the City of Camden . . . on May 1, 2013."). The accuracy of these public records "cannot reasonably be questioned." Fed. R. Evid. 201(b). Because these public records establish that CCPD is a county entity not subject to the control of the City of Camden, we take judicial notice of the fact that Defendant Carstarphen, as Mayor of the City of Camden, has no control or authority over CCPD.

Plaintiff's Complaint contains no allegations of conduct by Defendant Carstarphen. (See generally Compl.). We construe Plaintiff's Complaint to allege that Carstarphen is liable for the

allegedly unlawful seizure because Carstarphen has authority or control over the conduct of employees of CCPD. As we have taken judicial notice of the fact that Carstarphen has no control or authority over CCPD, Plaintiff has failed to "state a claim to relief that is plausible on its face" against Carstarphen. *Twombly*, 550 U.S. at 570. Therefore, we will grant Carstarphen's Motion to Dismiss.

### B. Capelli, Rodriguez, Pike, Kersey, and Moss Motion to Dismiss

The county Defendants urge us to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). We note at the outset that the county Defendants' brief in support of their Motion to Dismiss is a mere five pages long, and, beyond a boilerplate rule section discussing the *Twombly* and *Iqbal* motion to dismiss standard, the brief cites only a single case in support of the Defendants' four arguments. First, the county Defendants argue Plaintiff fails to allege any "facts whatsoever as to any involvement of Capelli, Rodriguez, Pike, or Kersey." (ECF No. 26 at 4). Second, they argue the allegations as to Defendant Moss are "too unspecific to meet minimum pleading standards." (*Id.*). Third, they argue that Plaintiff's causes of action are "indiscernible" and "[i]t is impossible to understand what exactly Plaintiff is alleging." (*Id.* at 4–5). Finally, they "incorporate by reference the arguments set forth by Carstarphen in his motion to dismiss." (*Id.* at 5).

We begin with Defendants' assertion that "[i]t is impossible to understand what exactly Plaintiff is alleging." (*Id.* at 4). While we acknowledge much of the Complaint is unintelligible, there are sufficient facts alleged to understand that Plaintiff claims that his car was unlawfully seized, without a warrant, by a CCPD officer on September 6, 2021. Indeed, Defendants summarized the Complaint's allegations in their Brief: "Plaintiff essentially suggests that his car

was improperly seized and impounded without a warrant or probable cause." (*Id.*). Clearly, Defendants understand Plaintiff's claim, and it is therefore not "impossible to understand."

Defendants urge us to dismiss the Complaint against them because it does not allege conduct by each individual defendant, and "officers must be personally involved in a constitutional rights violation to be held liable for it." *Lozano v. New Jersey*, 9 F.4th 239, 242 (3d Cir. 2021) (citing *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 284–85 (3d Cir. 2018)). The analysis on this issue consists of a single sentence. (ECF No. 26 at 4). By relying solely on *Lozano*, Defendants seem to suggest that high-level law enforcement officers can never be held responsible for violations committed by lower-level officers unless the high-level officers were directly involved in the unlawful conduct. This is, of course, untrue. *See Reedy v. Evanson*, 615 F.3d 197, 231 (3d Cir. 2010) (listing the factors required to establish supervisory liability in the Section 1983 context). As such, *Lozano*'s reasoning is inapplicable here. In that case, the plaintiff sued two low-level officers, including Officer Hernandez, who was not involved in the allegedly unlawful arrest of the plaintiff. The Third Circuit held that Officer Hernandez's mere "presence" at the scene at the time of plaintiff's arrest was insufficient to find that Officer Hernandez was "part of the arrest." *Id.* at 246. Therefore, the Third Circuit held Officer Hernandez was entitled to qualified immunity. *Id.* There was no question of supervisory liability in *Lozano*.

Here, Defendants likely hold supervisory authority over the John Doe police officer who allegedly seized Plaintiff's car without a valid warrant. Defendant Louis Capelli, Jr., is the Commissioner Director of the Camden County Board of Commissioners, the governing body in control of the CCPD. Defendant Gabriel Rodriguez is Chief of the CCPD. Defendants Jason Pike and Brandon Kersey are alleged to be Captains in the CCPD, a position which likely holds supervisory responsibility over lower-level officers, potentially including the John Doe officer. It

8

is unclear whether Defendant Melva Moss, alleged to be a Sergeant in the CCPD, holds a position of authority over lower-level officers. However, Defendants failed to address the issue of whether they had control over the John Doe officer and whether they can be held liable for the claims in the Complaint based on a theory of supervisory liability.

"In order to establish supervisory liability," a plaintiff "must show that [Defendants] 'participated in violating [his] rights, or that [Defendants] directed others to violate them, or that [Defendants], as the person[s] in charge . . ., had knowledge of and acquiesced in his subordinates' violations.'" *Reedy*, 615 F.3d at 231 (quoting *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190–91 (3d Cir.1995)). We have serious doubts as to whether the Complaint contains sufficient allegations to state a plausible claim based on supervisory liability; however, Defendants did not raise this issue in their Motion to Dismiss. Defendants have not met their burden of showing that no claim has been presented, and we will not make Defendants' arguments for them. *See Ford v. County of Mercer*, 2016 WL 781877, at *9 (D.N.J. 2016) (finding defendants "ha[d] not carried their burden to show that Plaintiffs fail to state a claim for relief" because defendants provided only perfunctory analysis of their arguments).

Next, the county Defendants assert that the allegations against Defendant Moss do not meet minimum pleading standards, although Defendants cite no law and provide no analysis in support of this argument. (ECF No. 26 at 4). To satisfy minimum pleading standards, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677–78. Plaintiff alleges that Defendant Moss refused to provide Plaintiff a report of the incident upon his request. (Compl. ¶ 5). This allegation on its own may not state a claim showing that Plaintiff is entitled to relief, but it may be relevant to establish supervisory

9

liability against Defendant Moss. We therefore reject Defendants' arguments as to the allegations against Defendant Moss.

Finally, Defendants "incorporate by reference" the arguments made by Defendant Carstarphen in his Motion to Dismiss. The county Defendants do not explain how the arguments set forth in Defendant Carstarphen's motion apply to these Defendants, all of whom are county employees. We therefore reject this argument.

Defendants have failed to meet their burden of showing Plaintiff has not presented a claim. We will deny their Motion to Dismiss.

### IV. CONCLUSION

For the reasons expressed above, Defendant Carstarphen's Motion to Dismiss is **GRANTED**. The Motion to Dismiss submitted by the remaining Defendants is **DENIED**. An order follows.

Dated: 7/24/2023

s/ Robert B. Kugler
ROBERT B. KUGLER
United State District Judge