THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARTIN DIAZ,<br><br>    **Plaintiff,**<br><br> v.<br><br>MAYOR VICTOR CARSTARPHEN et al.,<br><br>    **Defendants.** | Civil No. 22-7465 (RBK/SAK) |

REPORT AND RECOMMENDATION
RE: DISMISSAL OF PLAINTIFF'S COMPLAINT

  This matter has been raised *sua sponte* by the Court because of *pro se* Plaintiff's failure to comply with this Court's scheduling and pretrial orders and failure to appear for Court-ordered conferences. For the reasons to be discussed, it is respectfully recommended that Plaintiff's complaint be dismissed pursuant to Federal Rule of Civil Procedure 16(f). This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1). The Court makes the following findings in support of this Recommendation.

I.  BACKGROUND

  Plaintiff Martin Diaz filed this action on December 22, 2022 asserting numerous claims against Defendants Mayor Victor Carstarphen, Commissioner Louis Cappelli, Jr., Chief of Police Gabe Rodriguez, Captain Jason Pike, Captain Brandon Kersey, Sergeant Moss, and Peace Officer John Henry Doe (collectively, "Defendants"). *See* Compl. [ECF No. 1]. Plaintiff's claims arise out of an alleged unlawful search, seizure, and subsequent impounding of his car that occurred on

September 6, 2021. *See id.* at 1–3.[1] Specifically, the complaint purports to assert the following five counts against all Defendants:

> (1) False and Illegal Appropriation;
>
> (2) False and Illegal Appropriation Under the Color of Law;
>
> (3) Assault and Battery of My Liberties as a Free Man;
>
> (4) The Fundamental Constitutional Rights to Drive Upon Public Roads; and
>
> (5) Violations of the Statutes and U.S. Codes Under the Uniform Commercial Code and the Laws of the United States.

*See id.* at 3–7. Notably, the complaint fails to articulate or is otherwise silent as to the legal bases underlying each cause of action.

Defendant Carstarphen moved to dismiss the complaint on the basis that no allegations or claims therein were asserted against him. *See* ECF No. 18. Defendants Cappelli, Jr., Rodriguez, Pike, Kersey, and Moss (collectively, the "County Defendants") likewise moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* ECF No. 26. On July 24, 2023, the Honorable Robert B. Kugler, U.S.D.J. granted Carstarphen's motion and denied the County Defendants' motion. *See* Op. [ECF No. 38]; Order [ECF No. 39]. The County Defendants then filed an answer to the complaint asserting that the allegations raised therein were unintelligible, but nevertheless denying these allegations to the extent a response was required. *See* ECF No. 42.

Plaintiff and the County Defendants participated in an initial conference held on August 29, 2023. The Court issued a Scheduling Order thereafter. *See* Sched. Order [ECF No. 46]. Among other things, this Order set various deadlines and scheduled a telephone status conference

---

[1] Plaintiff's complaint has numerous paragraphs that share the same number. To avoid confusion, all references to the complaint made herein will be by page number.

for October 30, 2023 at 11:00 a.m. *See id.* The Scheduling Order was mailed to Plaintiff on August 30, 2023. In response to a letter filed by Plaintiff on September 22, 2023, apparently seeking scheduling information [ECF No. 47], the Court directed the Clerk to mail another copy of the Scheduling Order to Plaintiff with a copy of the docket sheet attached thereto. Neither plaintiff, nor an attorney on his behalf, appeared at the October 30, 2023 status conference. *See* Text Order, Oct. 30, 2023 [ECF No. 48]. In light of Plaintiff's *pro se* status, the Court rescheduled the status conference for November 9, 2023 at 11:30 a.m. *See id.* A copy of the Text Order rescheduling the conference was mailed to Plaintiff, as notated in the docket entry. *See id.* Neither Plaintiff nor an attorney on his behalf made an appearance at the November 9, 2023 teleconference. *See* Min. Entry [ECF No. 49]. In light of Plaintiff's repeated failure to appear, the Court issued an Order to Show Cause ("OSC") and Scheduling Order, which stated in part:

> **IT IS HEREBY ORDERED** . . . that Plaintiff shall call in for a telephone conference on **December 1, 2023 at 10:00 a.m.** to show cause as to why he should not be sanctioned for his unexcused failure to appear at the October 30, 2023 and November 9, 2023 telephone status conferences. . . .
>
> **FAILURE TO APPEAR** in response to this Order to Show Cause may result in the imposition of sanctions, including the Court's recommendation that Plaintiff's case be dismissed as abandoned.

OSC & Sched. Order, Nov. 9, 2023, at 1 [ECF No. 50].

Plaintiff submitted two documents for filing thereafter. The first filing was an "Affidavit of Facts and Truth as a Disposition for My Constitution-RE: 1:22-cv-0765-RBK-SAK," that was dated October 31, 2023 [ECF No. 51]. The second was a letter dated November 15, 2023 titled: "Demanding Respect for the Rule of Law." *See* ECF No. 52. The purpose of Plaintiff's first filing is far from clear, as it largely amounts to a collection of vague and rambling passages. However, Plaintiff's second filing—while still somewhat unintelligible—is slightly more focused and direct. The letter was addressed to the undersigned and begins in part as follows: "I: Martin: Diaz Ortiz

3

calling for point of order and I waive this court in lieu of the incorrect venue." *Id.* at 1. The letter ensues with what can best be described as Plaintiff's understanding of the law and his apparent grievances with this Court and the judicial system generally. *See id.* at 1–5. Upon expressing his specific grievances with this Court, Plaintiff announces an ultimatum: "I will participate or perform only in [sic] one condition." *Id.* at 5. This "one condition" is followed by twenty-six (26) paragraphs that Plaintiff apparently wants the Court to adopt. *See id.* at 5–7. The contents of these paragraphs range from incorrect statements of law to incoherent contentions that seemingly have no connection to the instant matter. *See, e.g.*, ¶ 1 (demanding a sworn statement "under the penalty of perjury that [the undersigned] [is] an Article III Judge"); ¶ 19 (stating "[t]hat the attorneys are representing a mentally challenge[d] man or woman"). On the final page, Plaintiff states that he "do[es] not have any confidence in all judges or magistrates in these proceedings and wish[es] not to participate, in lieu of improper venue." *Id.* at 8. This statement is followed by a request for default judgment with portions of the record attached thereto. *See id.*; *see also* Exs. A–E.

It is not clear whether the Court's November 9, 2023 OSC and Scheduling Order was mailed to Plaintiff as directed. Accordingly, the December 1, 2023 order to show cause and status teleconference was rescheduled to December 7, 2023. *See* ECF No. 53. Copies of the November 9, 2023 OSC and Scheduling Order and the Text Order rescheduling the conference were mailed to Plaintiff, as noted in the docket entry. *See id.* All parties dialed in for the December 7, 2023 conference. However, the Court was unable to conduct the conference at that time due to an emergent scheduling conflict. At Plaintiff's request, the conference was rescheduled for December 8, 2023 at 10:00 a.m. *See* ECF No. 54.

All parties appeared for the December 8, 2023 conference. *See* Min. Entry [ECF No. 55]. In response to the Court's questions regarding his unexcused absences at the October 30, 2023 and

November 9, 2023 status conferences, Plaintiff asserted that the Court must first respond to his "point of order." This "point of order" appears to refer to his November 15, 2023 letter. *See* ECF No. 52, at 1. However, the Court also notes that both Plaintiff's letter and affidavit "call for a point of order." *See* ECF No. 51, ¶ 1. Plaintiff further asserted that he did not have to answer the Court's questions unless and until the Court responded to his point of order. Plaintiff failed to answer the Court's questions and when asked if he intended to comply with the Court's orders, Plaintiff stated: "absolutely not." In light of the foregoing, the parties were advised the Court would recommend Plaintiff's complaint be dismissed and the conference was adjourned.

## II.     DISCUSSION

Federal Rule of Civil Procedure 16 provides that, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a scheduling or other pretrial conference [or] . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(A), (C). This includes "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). Dismissal is an extreme sanction, reserved for cases where a litigant has acted in flagrant bad faith or callous disregard of his or her responsibilities. *See Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). The Third Circuit has also recognized that courts have the inherent equitable power to dismiss an action as a sanction for failure to prosecute, contempt of court, or abuse of litigation practices. *See Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1179 n.15 (3d Cir. 1993) (citations omitted).

In determining whether dismissal is an appropriate sanction for violating a scheduling or other pretrial order, courts generally consider the factors outlined in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). Such analysis, however, is not always necessary. *See, e.g., Dover v. Digugliemo*, 181 F. App'x 234, 238 (3d Cir. 2006) ("[A] *Poulis* analysis is

5

unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal."). The *Poulis* factors to be weighed are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Orama v. Boyko*, 243 F. App'x 741, 742–43 (3d Cir. 2007) (alteration in original) (citing *Poulis*, 747 F.2d at 868). Whether to dismiss a case or claim is within a district court's discretion. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221–22 (3d Cir. 2003). No particular *Poulis* factor is controlling, and dismissal may still be warranted even if some of these factors are not satisfied. *See id.* at 221 (citation omitted).

Although a *Poulis* analysis may not be warranted in this matter, the Court finds an analysis of the *Poulis* factors supports a recommendation of dismissal. First, Plaintiff carries full personal responsibility for his failure to participate in the case because he is proceeding *pro se* in this action. *See Briscoe v. Klaus*, 538 F.3d 252, 258–59 (3d Cir. 2008) ("It is logical to hold a *pro se* plaintiff personally responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney."). This is especially true here since Plaintiff initiated this action *pro se*, appeared at the initial conference *pro se*, and was subsequently ordered to appear on multiple occasions but failed to do so, despite the Court's warning that his failure to appear would demonstrate his intent not to pursue the case and result in a recommendation of dismissal.[2] This is further supported by Plaintiff's recent filings and his explicit intention to disobey the

---

[2] Although Plaintiff failed to appear at three Court-ordered conferences, the Court notes that Plaintiff may not have received the November 9, 2023 notice, which scheduled an OSC and status conference for December 1, 2023.

6

Court's orders, as he stated on the record.  Thus, responsibility for Plaintiff's failure to appear and to comply with the Court's orders cannot be placed on anyone but Plaintiff himself.

Second, the prejudice to Defendants caused by Plaintiff's repeated failure to comply with the Court's orders supports dismissal.  The Third Circuit has instructed that "prejudice is not limited to 'irremediable' or 'irreparable' harm," and "includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Briscoe*, 538 F.3d at 259 (internal citation and quotation omitted).  Oftentimes, this type of prejudice involves disputes between the parties on discovery or other pretrial matters, such as a failure to cooperate with discovery requests, court orders, or scheduled conferences. *See id.*; *see also Hoffman v. Palace Ent.*, 621 F. App'x 112, 115 (3d Cir. 2015) (affirming dismissal of *pro se* plaintiff's civil rights action, in part, because her repeated failure to cooperate and to appear at necessary pretrial conferences caused prejudice to the defendants).  Here, Plaintiff's repeated failure to comply with the Court's orders and to appear at necessary pretrial conferences has caused unnecessary delay, impeded Defendants' ability to engage in discovery and prepare for trial, and required Defendants to incur unnecessary legal fees.  Accordingly, the Court finds Plaintiff's conduct has prejudiced Defendants and this factor weighs in favor of dismissal.

Plaintiff's history of dilatoriness also favors dismissal.  "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (citation omitted).  Plaintiff has repeatedly ignored the Court's orders and failed to appear on multiple occasions.  And, despite appearing for the most recent conference, Plaintiff expressed to the Court his explicit intention to continue to

defy its orders. As such, the record demonstrates that Plaintiff has a well-documented history of dilatoriness and noncompliance with the Court's orders, which weigh in favor of dismissal.

Plaintiff's conduct in this case has also been willful, which weighs in favor of dismissal. Plaintiff's multiple filings and representations to the Court, as discussed above, indicate his intention to litigate this case on his own terms. He willfully failed to participate in this litigation and repeatedly refused to comply with the Court's orders. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (concluding that a litigant's "conduct in failing to comply with the court's orders and in dragging the case out was willful and not merely negligent or inadvertent"). Plaintiff's willful refusal to comply with the Court's orders directing him to appear by telephone on numerous occasions and to show cause for his repeated unexcused absences demonstrate a disregard for the Court's authority.

Because Plaintiff has repeatedly ignored the Court's orders, and in light of his express intention to continue to do so, the Court finds that dismissal is the only effective sanction here. Plaintiff has been afforded ample opportunity to show cause for his actions but has failed to do so. Instead, Plaintiff has only doubled down on his misconduct, promising more to come. The Court sees no basis to question Plaintiff's own words. Furthermore, the Court foresees no prospect that providing Plaintiff with another opportunity would elicit a change of behavior.

Lastly, the Court considers whether Plaintiff's claims or Defendants' defenses are meritorious. As the *Poulis* court noted, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." 747 F.2d at 869–70. It is unclear to the Court at this time whether Plaintiff's claims have merit. While Plaintiff's allegations recently survived a motion to dismiss, "this factor is insufficient to override the preceding factors, which all weigh against [Plaintiff]."

8

*Hoffman*, 621 F. App'x at 116.  Accordingly, the Court finds a balancing of the *Poulis* factors favors dismissal. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988) ("Not all of [the *Poulis*] factors need be met for a district court to find dismissal is warranted."); *Pak-Vak Sys. v. T&S Products*, No. 05-3518, 2006 WL 2844149, at *1 n.1 (D.N.J. Sept. 6, 2006), *adopted by* 2006 WL 2844162, (D.N.J. Oct. 3, 2006) (concluding dismissal was warranted without any finding as to a meritorious defense because prejudice to the defendant was clear due to the plaintiff's failure to comply with court orders).

The Court recognizes that dismissal of a complaint is reserved for the most extreme cases. *See Poulis*, 747 F.2d at 867–88.  However, this relief is appropriate here.  Plaintiff willfully refuses to comply with and repeatedly ignores the Court's orders.  It is evident that Plaintiff's own words and actions manifest his intention not to pursue the case.  In light of this, the Court finds that there is no lesser alternative sanction than the dismissal of Plaintiff's claims.

### III.   CONCLUSION

Accordingly, for all the foregoing reasons, it is this **18th** day of **December**, **2023**, respectfully recommended that Plaintiff's complaint be dismissed.  Pursuant to FED. R. CIV. P. 72 and L. CIV. R. 72.1(c)(2), the parties shall have fourteen (14) days from the date of this Order in which to file any objections with the Court.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc:  Hon. Robert B. Kugler, U.S.D.J.

9

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARTIN DIAZ,<br><br>          **Plaintiff,**<br><br>v.<br><br>MAYOR VICTOR CARSTARPHEN et al.,<br><br>          **Defendants.** | Civil No. 22-7465 (RBK/SAK) |

**PROPOSED ORDER**

This matter has been raised *sua sponte* by the Court because of *pro se* Plaintiff's failure to comply with this Court's scheduling and pretrial orders; failure to appear for Court-ordered conferences on October 30, 2023 and November 9, 2023; and failure to prosecute his case. *See* ECF No. 50; and the Court having considered the Report and Recommendation submitted by the Honorable Sharon A. King, U.S.M.J., pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the parties having been notified that they have fourteen (14) days from receipt of the Report and Recommendation to file and serve objections pursuant to L. Civ. R. 72.1(c)(2), and no objections having been received; and the Court finding that the Report and Recommendation is neither clearly erroneous, nor contrary to law; and for good cause shown,

**IT IS** on this ___ day of _____, 2024, hereby

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

                                                                      _____
                                                                       ROBERT B. KUGLER
                                                                       United States District Judge